J-S67013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PERCY ST. GEORGE | : | |
| | : | No. 3583 EDA 2016 |
| Appellant | | |

Appeal from the PCRA Order October 31, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0403962-1997

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED OCTOBER 19, 2017**

Appellant Percy St. George appeals *pro se* from the Order entered in the Court of Common Pleas of Philadelphia County on October 31, 2016, dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

A prior panel of this Court briefly set forth the facts and procedural history herein as follows:

> On December 2, 1998, a jury convicted Appellant of two counts each of robbery, kidnapping, and false imprisonment, and one count each of possessing instruments of crime and criminal conspiracy in relation to the December 4, 1996[,] kidnapping and robbery of Felicita Agosto and Larnell Gunby.  Specifically, Appellant and his accomplices kidnapped the two victims at gunpoint while they were driving to work at a check-cashing store.  The conspirators intended to use the victims in order to gain

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

*   Former Justice specially assigned to the Superior Court.

access to the store and rob it. On April 27, 1999, the trial court imposed ten to twenty years['] imprisonment. On February 15, 2002, we affirmed the judgment of sentence. ***Commonwealth v. St. George***, 797 A.2d 1026 (Pa.Super. 2002) (unpublished memorandum).[2]

On April 10, 2002, Appellant filed a *pro se* PCRA petition. Counsel was appointed but she eventually filed a ***Turner/Finley***[1] no-merit letter and sought to withdraw. On April 29, 2004, following proper notice under Pa.R.A.P. 907, the PCRA court dismissed the petition as lacking merit. Appellant did not appeal that order. The PCRA court summarized the remaining procedural history as follows:

> On May 29, 2012, [Appellant] filed the instant *pro se* PCRA petition (styled as a motion for modification of sentence nunc pro tunc). Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served with notice of this court's intention to dismiss his PCRA petition on February 10, 2014. [Appellant] filed a response to the court's Rule 907 letter on February 27, 2014. On April 28, 2015, the lower court dismissed his petition without a hearing. The instant notice of appeal was timely filed to the Superior Court on May 8, 2015.

PCRA Court Opinion, 6/11/15, at 1-2.

___

***Commonwealth v. Turner***, 544 A.2d 927 (1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (en banc).

***Commonwealth v. St. George***, 145 A.3d 777 (Pa.Super. 2016) (unpublished memorandum). Finding no merit to the claims Appellant had raised in his second PCRA petition, on April 12, 2016, this Court affirmed the trial Court's order dismissing the same. ***Id***.

___

[2] Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Appellant filed the instant PCRA petition, his third, on May 19, 2016. Therein he indicated this was his first PCRA petition and averred prior counsel's ineffectiveness during sentencing and the appellate process entitled him to the restoration of his direct appeal rights *nunc pro tunc*. On September 1, 2016, the PCRA court provided notice of its intent to dismiss the petition without a hearing pursuant to Rule 907. On October 4, 2016, Appellant submitted a response, and on October 31, 2016, the PCRA court dismissed Appellant's PCRA petition as untimely. Appellant filed a timely notice of appeal with this court on November 8, 2016.

In his brief, Appellant presents "Questions" which we produce here verbatim:

> I. Whether the lower Court of Common Pleas did error [sic] by asserting that petitioner's Amended petition was manifestly untimely, citing Commonwealth v. Robinson, 12 A.3d 477 (Pa. Super.2011) ("As a prefatory matter, timeliness of a pcra is jurisdictional Requisite"), Such time limits are jurisdictional are dicta and not based on statutory analysis.? Yes
> A. Whether the Court did error interpreting §9545(b) time limits [sic] as affecting the pcra Court's jurisdiction contravenes [sic] the legislature's intent as reflected in the statute's plain language? Yes
> B. Whether the Court did error interpreting §9545 (b) as limiting the pcra court's jurisdiction in contradiction of the legislature's intent as reflected in the legislative debates? Yes
> C. Whether the lower court did error in legal discretion, where the legislature has done nothing to indicate it agrees with the bare assertion that time limits in §9545(b) are jurisdictional?
> II. Whether the lower court did error in not treating petitioner's Post Conviction Relief Act (pcra) Amendment to Petition, as an amended Petition to the petitioner's timely filed pcra and second pcra petitions, which were errantly dismissed through the use of fraud and error? Yes

III. Whether the lower court did error in determining petitioner did not invoke on of the time limited exceptions under 42 Pa. C.S. §9545(b) (1) (i)-(iii) in his pcra petition, Amended Petition to his first and second petitions, which both were errantly dismissed without conducting an evidentiary hearing? Yes.

iv. Whether the lower court did error by not recognizing that §9545 (b) does not affect the pcra courts [sic] jurisdiction would align Pennsylvania with the majority of jurisdictions and the interest of justice.

Brief of Appellant at ii. Appellant also includes what he titles a "Statement of

Questions Involved" that reads as follows:

1. Whether PCRA court appointed counsel abandoned indigent [Appellant] during collateral review of his noted first PCRA petition, and during appeal from judgment of order denying his petition, in violation of constitutional rights to both the right to counsel of the right to the effective assistance of counsel of the United States Constitution Amendment sixth; Wherein [Appellant] filed a prose pcra petition which was meritless as predetermined by appointed counsel, whom rather than filing an amended petition to cure defects, filed a petition to withdraw representation as counsel of indigent defendant, attached to a no merit letter in accordance with Com. v. Finley: Wherefore, she was granted leave to withdraw as counsel, then the court subsequently dismissed the petition; therefore, petitioner had to file this appeal without the right to counsel and the effective assistance of counsel.

2. Whether PCRA counsel provided ineffective assistance by failing to accurately review notes of testimony of preliminary hearing waiver, notes of testimony from second guilty plea, to discover cognizable issues under the statute §9545 (a)(2); in failing to file an amendment to cure defective petition; wherein, defendant filed prose petition which stated facts; wherefore, appointed counsel determined petition was meritless, where, she then filed a no merit letter, in her no merit letter, she stated, "that she reviewed the entire record, but was unable to discover issues cognizable under the PCRA. However, issues cognizable exist throughout the aforementioned records, which are now before the court.

3. The timeliness Requirements. As applicable. Com. v. McKever, 947 A.2d 787, 785 (Pa. Super. 2008), Further, since the time bar implicates the subject matter of our court, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. Com. v. Yarris, 731 A.2d

- 4 -

581, 586 (Pa. 1999). The issue for review centers on the question of subject matter jurisdiction. As this question is purely one of law. Sour [sic] standard of review is De Novo and our scope of review is plenary. Bethen, 828 A.2d 1071. It is the reviewing court on appeal responsibility to examine each issue raised in the defendant's petition for post conviction in light of the certified record before it, in order to determine if the trial court erred in its determination that there were genuine issues of material facts in controversy and in denying relief without an evidentiary hearing. Com. v. Khalifah, 825, A.2d 1238 (Pa. Super. 2004).

Brief of Appellant at viii-ix

Finally, Appellant provided the following "Statement of the Question Involved."

1. Whether prescribed prison application for Post Conviction Relief Act (PCRA) petition sufficient for the court to treat as amendment to [Appellant's] first timely filed PCRA petition as an indigent defendant, wherein, petition [Appellant] claimed that he was abandoned by appointed counsel during PCRA phase.

Brief of Appellant at x (unnecessary capitalization omitted).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden to plead and prove an applicable statutory exception. If the petition

is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)     Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i)        the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii)       the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). In addition, to be eligible for relief, a petitioner must plead and prove "that the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3).

As noted previously, Appellant was sentenced on April 27, 1999, and this Court affirmed the judgment of sentence on February 15, 2002. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court; therefore, Appellant's judgment of sentence became final thirty days thereafter on or about March 15, 2002. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"). Since Appellant filed the instant petition on May 19, 2016, over fourteen years thereafter, it is patently untimely and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar is applicable. *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception). In addition, an Appellant must comply with 42 Pa.C.S.A. § 9545(b)(2) (stating "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented").

Herein, the various statements of the issues Appellant wishes to present are perplexing, and the argument portion of his *pro se* appellate brief contains rambling statements of purported error by prior counsel and lacks any pertinent analysis. For this reason alone, this Court may quash the instant

appeal. **See** Pa.R.A.P. 2101(stating appellate briefs must materially conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure and when a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, an appellate court may, in its discretion, quash or dismiss the appeal).

However, as was the case with his second PCRA petition, Appellant has failed herein to invoke a specific exception to the PCRA time-bar. As this Court stated, "claims of counsel's ineffectiveness cannot be used to salvage an otherwise untimely PCRA." **Commonwealth v. St. George**, No. 1419 EDA 2015, unpublished memorandum at 4 (Pa.Super. filed April 12, 2016) (citing **Commonwealth v. Fahay**, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999)). Appellant certainly would have been aware previously of trial counsel's representation of him, and he did set forth allegations of PCRA counsel's ineffective performance in his second PCRA petition. A panel of this Court thoroughly considered the numerous allegations of PCRA counsel's ineffectiveness that Appellant raised in his prior petition and found them to be meritless. Appellant simply seeks to resurrect those claims that were either previously litigated or could have been raised previously in this untimely PCRA petition, which he cannot do.

For the foregoing reasons, Appellant's instant PCRA petition is untimely, and he has failed to plead and prove an exception to the statutory time-bar.

The PCRA court properly dismissed it, and we discern no other basis on which to disturb the PCRA court's dismissal of Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2017